```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-20631-CIV-LENARD
                              MAGISTRATE JUDGE P. A. WHITE
```

HAROLD BROWN,                           :

    Plaintiff,                       :

v.                                      :
                                              PRELIMINARY REPORT
JORGE PASTRANA, ET AL.,                 :     OF MAGISTRATE JUDGE

    Defendants.                      :

_____


        I.    Introduction

      This Cause is before the Court upon the plaintiff Harold Brown's Amended Complaint. [DE# 12]. Brown, a federal prisoner confined at the Federal Correctional Institution in Miami, has filed an amended pro se civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] The plaintiff is proceeding in forma pauperis. [DE# 5].

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>* * *
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
>* * *
>
>(B) the action or appeal -
>
>* * *
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must

3

be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).[2]

---

[2] Despite recent Supreme Court decisions apparently to the contrary, the Eleventh Circuit still applies a "heightened pleading" standard to complaints alleging §1983 claims against entities who may raise qualified immunity as a defense such as government officials sued in their individual capacities. The Eleventh Circuit recently acknowledged that "[t]he use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity . . . ." Weissman v. National Association of Securities Dealers, Inc., 500 F.3d 1293, 1309 n.6 (11 Cir. 2007)(Tjoflat, J., dissenting opinion, criticizing the majority opinion for utilizing a liberal pleading standard). In Jones v. Bock, 127 S.Ct. 910 (2007), the Supreme Court invalidated a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure. Significantly, the Supreme Court stated that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." The Court explained that heightened pleading requirements can only be established through the legislative process, and noted that the Court had previously rejected the use of a heightened standard in §1983 suits against municipalities (such as Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)), a similar standard used in employment discrimination suits (Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)) and in a death
(continued...)

---

[2](...continued)
penalty case (Hill v. McDonough, 126 S.Ct. 2096 (2006)(unanimously rejecting a proposal that §1983 suits challenging a method of execution must identify an acceptable alternative: "Imposition of heightened pleading requirements, however, is quite a different matter. Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts.")). In Bell Atlantic Corp. v. Twombly, supra, the Supreme Court held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements). In Erickson v. Pardus, supra, the Supreme Court vacated the Tenth Circuit's dismissal of a §1983 case at the motion to dismiss stage based on a failure in the pleadings, emphasizing that Rule 8(a)(2) requires only a short and plain statement, and accentuating that a departure from the liberal pleading standards set forth in Rule 8(a)(2) is particularly troublesome when the plaintiff is pro se, as pro se pleadings are to be liberally construed. Interestingly, the Eleventh Circuit has never cited the Erickson case.

   The Jones v. Bock, Twombly and Erickson Courts have once again reiterated, as the Supreme Court unanimously held in Leatherman, Swierkiewicz, and Hill, that adopting a different and more onerous pleading standard in particular types of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts. The District of Columbia Circuit has recently noted that the Supreme Court "has continually pruned back [heightened pleading] requirements, with the admonition that we are not to impose heightened pleading requirements." Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc., ___ F.3d. ___ (D.C. Cir. April 29, 2008). Some district courts in the Eleventh Circuit continue to apply a "heightened pleading" standard, justifying its use on the flawed premise that the Supreme Court specifically ruled that district courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. §1983 against municipal entities but declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. See, e.g. Gene Martin Auto Sales, Inc. v. Davis, 2008 WL 1990003(M.D.Ala. 2008). The "flaw" in this logic is the fact that the Supreme Court has not indicated that qualified immunity might warrant an exception to the general approach, the explicit disclaimer of a heightened pleading standard in Twombly, and Erickson's reversal of the Tenth Circuit's use of a heightened pleading standard in case against individual state actors who might be entitled to qualified immunity.

(continued...)

5

The plaintiff names as defendants FCI-Miami Warden Jorge Pastrana; FCI-Miami Lt. Warren; and the Federal Bureau of Prisons ("BOP"). He alleges generally that Pastrana violated his First Amendment rights by engaging in unconstitutional retaliation and Pastrana and Warren violated his Eighth Amendment rights with regard to the denial of medical care and failure to provide safe housing. He also alleges, with no supporting facts, that the defendants violated his right to equal protection. The plaintiff seeks an order enjoining the defendants Pastrana and Warren from placing him and other inmates in unsafe and dangerous living quarters at FCI-Miami, injunctive relief against the BOP and compensatory and punitive damages against Pastrana and Warren.

Specifically, the plaintiff alleges that Pastrana and Warren required the plaintiff to be housed in an 11' x 8' cell with an 11 foot ceiling with two other inmates, and assigned to a third tier bunk. He claims that on April 18, 2006 at around 3:30 a.m. as he was climbing down the ladder from the third tier bunk bed, he fell eight feet to the concrete floor, losing consciousness, and suffering a concussion, back and arm injuries. He states that his cellmates attempted for more than one hour to get assistance, and finally an officer came to the cell and advised he was going to alert Lt. Warren to come to the cell to assess the plaintiff's medical needs. One half hour later the officer returned and told the plaintiff that Warren refused to come the cell and said that the plaintiff should report to the medical clinic at 7:00 a.m. At 6:00 a.m. other officers observed the plaintiff was laying on the floor in pain and had him taken by stretcher to the medical clinic. He was then diagnosed with a chipped bone in his elbow, back injuries and possible nerve damage. The plaintiff alleges that

---

²(...continued)

Warren violated his Eighth Amendment rights because his refusal to come to his cell to see if he needed medical care, when he was aware that the plaintiff was lying on the floor in severe pain, constituted deliberate indifference.

The plaintiff further alleges that on May 5, 2006[3], he tendered a written request to Pastrana to have an MRI examination and to be seen by a specialist to treat his back pain, and Pastrana denied the request.  The BOP denied his appeal on June 28, 2006. The plaintiff did have an MRI on September 19, 2006, which revealed back injuries.  The plaintiff alleges that Pastrana violated his constitutional rights by refusing to allow him to have an MRI and receive proper medical treatment.  He also alleges that Pastrana knew or should have known that requiring him to sleep on the third tier over eight feet off the ground, to which he had to climb up a straight metal ladder with no handles or safety devices, would create a high risk of physical injury in violation of the Eighth Amendment.  He claims: "Pastrana place Plaintiff in this high risk environment willfully and intentionally in order to inflict pain and discomfort on Plaintiff."

Further, the plaintiff alleges that Pastrana told him "he would suffer pain and discomfort" because he appealed Pastrana's denial of his grievance requesting an MRI and specialty care, which constitutes unconstitutional retaliation in violation of the First Amendment.

The plaintiff seeks an injunction against all three defendants enjoining them from placing him and others similarly situated in third-tier bunks with no safety features and in cells with no

---

[3] The Amended Complaint appears to mistakenly use "2007" rather than "2006" as the year in question in several places.

7

"panic button" to summon assistance if needed. The plaintiff also seeks compensatory damages against Pastrana and Warren.

## Defendant BOP

The BOP is not a proper party in a Bivens civil rights action. Only individuals can be sued under Bivens. A suit for damages against the United States and its agencies based on the Constitution is not contemplated by Bivens and its progeny. The Constitution does not waive the Government's sovereign immunity in a suit for damages; therefore, Bivens implies a cause of action only against federal officials. See FDIC v. Meyer, 510 U.S. 471, 485-86 (1994) (stating the proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers).

In the alternative, the Undersigned finds that the plaintiff would not, in any event, be entitled the equitable relief he seeks against the BOP. The plaintiff seeks an order prohibiting the BOP from placing prisoners on the third tier bunk unless appropriate safety measures are installed and prohibiting cells without a panic button or monitoring device to be locked. Because the plaintiff has failed to state an Eighth Amendment violation with regard to his conditions of confinement, he would not be entitled to the requested relief against the BOP.

The plaintiff alleges that his Eighth Amendment rights have been violated due to the consequences of triple bunking and the absence of safety features on the bunk ladder and the absence of a panic button in his cell. The Eighth Amendment requires that, at the minimum, all claims challenging conditions of confinement must

demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison overcrowding in and of itself an Eighth Amendment violation unless it results in the deprivation of basic human needs. Id. at 347-48. The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. Chandler v. Crosby, 379 F.3d 1278, 1289 (11 Cir. 2004). First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). The challenged condition must be "extreme." Id. at 9. While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, id. at 35. Moreover, the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to the challenged condition of confinement; it also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. Id. at 36. The second part of the two-part analysis is the "subjective component:" [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson, 503 U.S. at 8 (marks and citation omitted). The proper standard is that of deliberate indifference. Wilson v. Seiter, 501 U.S. 294,

9

303 (1991). Negligence does not suffice to satisfy this standard, id. at 305, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," Farmer v. Brennan, 511 U.S. 825, 835 (1994). In defining the deliberate indifference standard, the Farmer Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

In this case the plaintiff alleges an Eighth Amendment violation because there is a risk to his future health and safety. As the Eleventh Circuit has noted, "[e]ven double capacity, the Supreme Court has held, does not violate the constitution absent 'deprivations of essential food, medical care, or sanitation.'" Fischer v. Ellegood, No. 06-15167, 2007 WL 1624315, at *4 (11 Cir. June 6, 2007) (quoting Rhodes, 452 U.S. at 347-48 (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment)). Although the Rhodes case concerned double, rather than triple bunking, in order to meet the first prong of the Eighth Amendment test for unconstitutional prison conditions, the plaintiff must show that he was deprived basic human needs, there was an unreasonable risk of serious damage to his future health or safety and the conditions violate contemporary standards of decency. The plaintiff fails to show that there is a substantial risk of serious harm, despite the fact that on one occasion he had an unfortunate accident, and the facts alleged cannot raise a claim that the crowded, but humane, conditions of confinement violate contemporary standards of

10

decency. The plaintiff has failed to meet the objective prong of the test.

Further, the plaintiff has not alleged facts sufficient to meet the second prong of the test for Eighth Amendment challenges to prison conditions. Notably, he has not alleged that Pastrana acted with a culpable state of mind or knew of and disregarded an excessive risk to inmate health or safety. The allegations that the bunk ladders lack safety features sound in negligence and do not raise constitutional concerns in the absence of any facts to show that the defendants deliberately created a harmful situation. Further, although the plaintiff raises concerns about the lack of call buttons in cells, he has not alleged that any physical violence has actually occurred. In short, the plaintiff has not alleged facts sufficient to show that he has actually been put at serious risk of harm or that Pastrana or Warren knew he was in such danger and he fails to establish either part of the test for Eighth Amendment challenges to prison conditions.[4]

## Denial of Medical Care

The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to provide prisoners

---

[4] To the extent that the plaintiff attempts to bring a claim for monetary damages for negligence, such a claim should be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346, 2671 et seq. For a district court to have jurisdiction over an FTCA action, a plaintiff must first show that he presented his claim to the agency and that the agency denied it in writing. 28 U.S.C. §2675(a); Burchfield v. United States, 168 F.3d 1252, 1254-55 (11 Cir. 1999).

with "humane conditions of confinement," including adequate medical care.  Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003).  It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000)).  First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  Id.  In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.  Id.  Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need.  Id.  Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for nonmedical or unexplained reasons. Farrow, 320 F.3d at 1247 (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment).  The tolerable length of delay in providing medical attention depends on the

12

nature of the medical need and the reason for the delay.  <u>Harris v. Coweta County</u>, 21 F.3d 388, 393-94 (11 Cir. 1994).  A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." <u>Ancata v. Prison Health Servs., Inc.</u>, 769 F.2d 700, 704 (11 Cir. 1985).

Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.  Mere inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference and cannot be said to constitute an unnecessary and wanton infliction of pain.  <u>McElligott</u>, 182 F.3d at 1254.  Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. <u>See</u> <u>Estelle</u>, 429 U.S. at 106.

### 1. Serious Medical Need

For the purpose of this analysis, the Court will assume that the plaintiff's injury constituted a serious medical need.

### 2. Deliberate Indifference

After a thorough and liberal analysis of the Amended Complaint, the Undersigned concludes that the plaintiff has minimally stated a claim that Lt. Warren may have acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights by failing to provide assistance and ordering the delay of care when he was aware that the plaintiff could have been seriously injured.  The plaintiff, however, has failed to state a claim for relief against Pastrana.

The plaintiff alleges specifically that Warren was advised that he fell from the third tier bunk, was seriously injured laying on the floor in pain and unable to move, yet did nothing to assist him. These allegations sufficiently raise an inference that Warren may have been deliberately indifferent to the plaintiff's serious, immediate need for medical care. The claim against Warren meets the <u>Twombly</u> and any "heightened pleading" standard with regard to the allegations against Warren in his individual capacity, and a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

The plaintiff alleges that Pastrana simply denied his request for an MRI and specialty care, a request that was made more than two weeks after the injury. The plaintiff does not raise any facts to show that he had a serious, immediate medical need at the time he made the request that was not being treated or that Pastrana was personally aware of such need. Further, the denial of specialty care after the plaintiff was treated at the medical clinic does not constitute deliberate indifference, and there are no other facts to suggest that Pastrana acted with a culpable state of mind, which is fatal to his Eighth Amendment claim against Pastrana.

<u>Retaliation Claim</u>

The plaintiff alleges that Pastrana made a verbal threat to "tuff it out" after the plaintiff appealed the denial of his request for speciality care.

Retaliation by prison officials against an inmate for filing lawsuits is cognizable in a civil rights suit for damages. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989). Under certain circumstances, such retaliation may violate the inmate's First Amendment rights. Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986).

In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for different reasons, would have been proper. Adams v. James, 797 F.Supp. 940, 948 (M.D. Fla. 1992) (citing Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977)). A claim of retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis. Adams, supra, 797 F.Supp. at 948 ("but for" the retaliatory motive, the incidents to which the plaintiff refers would not have taken place).

Certain means of "retaliation" may be so de minimis as not to inhibit or punish an inmate's rights of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response. Borrowing from Johnson v. Glick, 481 F.2d 1028, 1033 (2 Cir.), cert. denied sub nom. Employee-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033 (1977), Graham v. Connor, 490 U.S. 386, 396 (1989), notes that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. Similarly, not every unnecessary statement of a prison

guard regarding an inmate's exercise of free speech violates the First Amendment. By developing a standard of de minimis actions, courts can screen out frivolous or non-meritorious claims of retaliation during the in forma pauperis complaint review under 28 U.S.C. § 1915. In other words, the plaintiff must demonstrate that he suffered more than a de minimis inconvenience. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 786 (4 Cir. 1993); see also Bart v. Telford, 677 F.2d 622, 625 (7 Cir. 1982)("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable. . . .").

Here, the apparent simple, empty threat allegedly made by Pastrana is certainly a de minimis act and therefore not an actionable constitutional claim. The plaintiff does not state that the threat was acted upon, nor has he raised any facts to show any actual injury. It is thus recommended that the claims alleging unconstitutional retaliation be dismissed.

### Equal Protection

The plaintiff states in passing that his constitutional right to equal protection was infringed but raises absolutely no facts whatsoever to support such a claim. It is thus recommended that the equal protection claim be dismissed.

### III. Conclusion

Based on the foregoing, it is recommended that:

16

1.  The Amended Complaint proceed against Lt. Warren, in his individual capacity, on the claim that Lt. Warren violated the plaintiff's Eighth Amendment rights with deliberate indifference to his serious medical needs.

2.  The defendants Pastrana and BOP and all other claims raised against Warren be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 10th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Harold Brown, Pro Se
      Reg. No. 42883-004
      Federal Correctional Institution-Miami
      P. O. Box 779800
      Miami, FL 33177