UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20631-CIV-LENARD/WHITE

**HAROLD BROWN,**

        Plaintiff,

vs.

**JORGE PASTRANA, LT. WARREN, AND FEDERAL BUREAU OF PRISONS,**

        Defendants.

_____/

**ORDER ADOPTING PRELIMINARY REPORT
OF THE MAGISTRATE JUDGE (D.E. 14)**

**THIS CAUSE** is before the Court on the Preliminary Report of Magistrate Judge ("Report," D.E. 14), issued by Magistrate Judge Patrick A. White on July 10, 2008. After being provided with an extension of time in which to file his objections, Plaintiff Harold Brown ("Plaintiff") filed his objections on August 22, 2008 ("Objections," D.E. 22). Having reviewed the Report, the Objections, and the record de novo, the Court finds as follows.

    **I.**    **Amended Complaint**

In addition to claims discussed further in the Report, this action involves a claim under the Eighth Amendment against Defendants Jorge Pastrana ("Pastrana") and Lt. Warren ("Warren"), in which Plaintiff alleges a failure to provide safe housing based on certain conditions of his confinement -- namely, the height of Plaintiff's sleeping

arrangements, an absence of safety features on the bunk bed and access ladder, and the absence of a panic button in his cell. (See D.E. 14 at 7-8; see also D.E. 12.) In addition, Plaintiff seeks to enjoin Defendants from placing him and others similarly situated in third-tier bunk beds with no safety features and in cells with no "panic buttons." (See D.E. 14 at 7-8; see also D.E. 12.)

   II.    **Report**

In his Report, the Magistrate Judge notes that, liberally construing the Amended Complaint, Plaintiff appears to assert a claim under the Eighth Amendment due to the conditions described above (the bunk bed, the lack of safety features on the bed and ladder, and absence of a panic button in his cell) and an accompanying claim for injunctive relief; a claim under the Eighth Amendment based on denial of medical care; a claim for retaliation; and a claim for equal protection. (See D.E. 14.) As explained in the Report, the Magistrate Judge recommends dismissal of all claims against Defendant Bureau of Prisons as an improper party in a Bivens action, and dismissal of the claims regarding the bunk beds and the panic button against all Defendants based on his finding that Plaintiff has failed to state an Eighth Amendment violation regarding these conditions of his confinement. (See D.E. 14 at 8-11.) In addition, for reasons further explained in the Report, the Magistrate Judge also recommends dismissal of Plaintiff's equal protection claim and retaliation claims against all Defendants, as well as dismissal of all claims against Defendant Pastrana, but recommends that Plaintiff's Eighth

Amendment claim regarding denial of medical care proceed against Defendant Warren. (See id. at 11-16.)  As described further below, Plaintiff only objects to the Magistrate Judge's findings regarding Plaintiff's Eighth Amendment claim as to the bunk bed, the lack of safety features on the bed and ladder, and the absence of a panic button in his cell, and the accompanying claim for injunctive relief.[1]

With regard to Plaintiff's claims regarding the bunk bed, the lack of safety features on the bed and ladder, and the absence of a panic button in his cell, the Magistrate Judge found that Plaintiff has failed to show that (1) he was deprived of basic human needs; (2) there was an unreasonable risk of serious damage to his future health or safety; and (3) the conditions he challenges violate contemporary standards of decency.  (Id. at 10.)  In addition, the Magistrate Judge concluded that Plaintiff's allegations sound in negligence and do not raise constitutional concerns, as Plaintiff has not alleged any facts to show that Defendants deliberately created a harmful situation.  (Id. at 10-11.)

### III.    Plaintiff's Objections

Again, Plaintiff's Objections to the Report are limited to the Magistrate Judge's findings regarding Plaintiff's bed and the lack of the panic button in his cell.  Specifically, Plaintiff objects to the Magistrate Judge's findings by arguing that, pursuant to Helling v. McKinney, 509 U.S. 25, 33 (1993), requiring a prisoner to climb a steep metal ladder

---

[1] The Court is only required to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

3

without safety devices, regardless of advanced age, and providing a bed without railings under such circumstances, together with the lack of a "panic button" in the event of need for immediate medial attention, violate contemporary standards of decency by exposing him and others similarly-situated to risk of serious bodily injury or death. (D.E. 22 at 11.) Further, Plaintiff summarily argues, without pointing to any specific allegations, that the Amended Complaint sets forth sufficient facts demonstrating Defendant Pastrana's and Defendant Warren's culpable state of mind and intent regarding this alleged Eighth Amendment violation. (Id.) Lastly, Plaintiff asserts that he has shown irreparable and imminent harm, and, as such, is entitled to injunctive relief. (Id. at 12-14.)    I

### IV.    Analysis

Plaintiff has been granted leave to proceed in forma pauperis (D.E. 5), and his claim(s) must therefore be dismissed if, at any time, the Court determines that "the action or appeal - (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and the Court will thus apply the standards of Rule 12(b)(6) in evaluating this matter. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  The Court therefore accepts as true all factual allegations contained in the Amended Complaint, as well as all reasonable inferences that can be drawn therefrom. Bank v. Pitt, 928 F.2d 1108, 1109 (11th Cir. 1991).  Moreover, the

Court will not dismiss a particular claim if the Amended Complaint provides sufficient grounds demonstrating more than a merely speculative entitlement to relief on such claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  Lastly, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

The Eighth Amendment to the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The "cruel and unusual punishments" standard applies to the conditions of a prisoner's confinement.  Rhodes v. Chapman, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 2398-99, 69 L. Ed. 2d 59 (1981).  Nonetheless, "the Constitution does not mandate comfortable prisons."  Id. at 349.  Generally, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citations omitted).

As the Magistrate Judge correctly noted, the Court employs a two-part test in analyzing Plaintiff's Eighth Amendment claim, consisting of (1) an "objective component" through which Plaintiff must prove that the conditions of which he complains are sufficiently serious to violate the Eighth Amendment, and (2) a "subjective component," through which Plaintiff must show that Defendants acted with a sufficiently culpable state of mind with regard to the conditions at issue.  Chandler, 379 F.3d at 1289

(citations omitted).

Under the first prong, the Court must "assess whether society considers the risk that [Plaintiff] complains of to be so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk." <u>Id.</u> (citations omitted).  In other words, Plaintiff must show that the risk of which he complains is not one that today's society chooses to tolerate.  <u>Helling</u>, 509 U.S. at 36.  Here, even assuming all of the facts as alleged in the Amended Complaint are true and viewing them in a light most favorable to Plaintiff, the Court does not find that the conditions Plaintiff complains of -- namely, providing Plaintiff a bunk bed without railings which is accessed via a steep metal ladder without safety devices, and the lack of a "panic button" in the event of need for immediate medial attention -- are so grave that exposure to those conditions violate contemporary standards of decency.  At best, such conditions sound in negligence, and do not deprive Plaintiff "of the minimal measure of life's necessities," nor do such conditions represent something that modern society would find intolerable.  <u>See</u> <u>Chandler</u>, 379 F.3d at 1289-90.  When taken together, the conditions presented by Plaintiff, even if true, simply do not rise to the level of a constitutional violation under the Eighth Amendment.  <u>See, e.g.</u>, <u>Smith v. Sec'y for the Dep't of Corr.</u>, 252 Fed. Appx. 301, 304 (11th Cir. 2007) (finding that riding in a prisoner van equipped with the manufacturer's car seats, seat belts, and windows is not a necessity such that riding in a van without such characteristics is a deprivation of the minimal measure of life's necessities or is

something that modern society would find intolerable).  In addition, the Court notes that Plaintiff has not alleged that Defendants arbitrarily forced Plaintiff to climb to or from, or sleep on, an elevated bunk bed, nor is there any other indication from the Amended Complaint that Plaintiff's general sleeping conditions were arbitrarily imposed, further undermining Plaintiff's satisfaction of the objective prong.  Cf. Hamm v. De Kalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (noting that practice of "double-bunking" has been upheld by the Supreme Court, and finding that the fact that a prisoner was forced to sleep on a mattress on the floor or on a table was not a constitutional violation absent evidence that the conditions were imposed arbitrarily).[2]

Even if the facts as alleged by Plaintiff were sufficient to satisfy the first prong of the Court's inquiry, the Court nonetheless finds that Plaintiff has also failed to allege facts sufficient to meet the second prong of the Court's analysis.  Under the second prong, Plaintiff must allege that Defendants knew of and disregarded an excessive risk to inmate safety as a result of the challenged conditions regarding the bed and the lack of the "panic button"; stated differently, Plaintiff must allege that Defendants were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists (i.e., that Defendants knew of the circumstances surrounding the bed, its height off the ground, its lack of railing, and the ladder, as well as the lack of the panic button), and

---

[2] In addition, the Court does not find that the lack of a "panic button," even when viewed together with the other conditions about which Plaintiff complains, presents a risk sufficiently serious to violate the Eighth Amendment, especially where, as here, Plaintiff has alleged that he was able to obtain assistance without the aid of a "panic button."  (See D.E. 11 ¶¶ 19-22.)

that Defendants actually drew an inference that an excessive risk of harm to Plaintiff exists as a result. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, the Amended Complaint contains nothing more than the conclusory allegation that Defendants "knew or reasonably should have known" of the high risk of injury to Plaintiff as a result of the bed and the lack of safety devices.[3] (See D.E. 12 ¶¶ 28-29.) Even accepting this allegation as true and viewing all inferences from this allegation in a light most favorable to Plaintiff, the Amended Complaint fails to set forth any specific allegations that Defendants acted with the requisite culpable state of mind with regard to the conditions at issue. Plaintiff's unsupported assertion, without more, is simply insufficient to establish that Defendants acted with a culpable state of mind with regard to the conditions at issue. See, e.g., Burgos v. Cameron, 2006 U.S. Dist. LEXIS 88181, at *7 (M.D. Fla. Dec. 6, 2006) (noting that to set forth a claim for a violation under the Eighth Amendment, a "plaintiff must come forward with some factual allegations to show that the defendant official 'acted with a sufficiently culpable state of mind,'" and noting that "[n]egligence is not enough") (citing Chandler, 379 F.3d at 1289). As such, Plaintiff has not satisfied the second requirement for a valid Eighth Amendment claim.

In light of the Court's finding that Plaintiff has failed to assert a valid Eighth

---

[3] Further, as already noted, Plaintiff merely "submits the complaint properly sets forth sufficient facts demonstrating [Defendants'] culpable state of mind and intent" in his Objections, without pointing to or otherwise describing facts that would show that Defendants acted with a culpable state of mind in subjecting Plaintiff to the conditions about which he complains. (See D.E. 22 at 11.)

8

Amendment claim with respect to his sleeping arrangements and the lack of a panic button, the Court finds that Plaintiff is not entitled to injunctive relief requested in the Amended Complaint. Accordingly, it is:

**ORDERED AND ADJUDGED** that

1. The Report of Magistrate Judge (D.E. 14), issued on July 10, 2008, is **ADOPTED** consistent with this Order.

2. Plaintiff's retaliation and equal protection claims against all Defendants, and all other claims against Defendant Federal Bureau of Prisons and against Defendant Jorge Pastrana, are **DISMISSED** pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

3. Plaintiff's claim that his Eighth Amendment rights were violated due to lack of medical treatment as stated in the Amended Complaint (see D.E.12) shall proceed against Defendant Lt. Warren.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 4th day of September, 2008.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**