UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20631-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

HAROLD BROWN,                    :

    Plaintiff,               :

v.                               :

JORGE PASTRANA, et. al.,         :          REPORT OF
                                            MAGISTRATE JUDGE
    Defendants.              :

_____

    This *pro se* civil rights action, pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), is pending on claims in the Amended Complaint (DE#12) against Lt. Warren in his individual capacity, alleging that Warren was deliberately indifferent to plaintiff's serious medical needs, in violation of his rights under the Eighth Amendment.

    The defendant filed no Answer, and instead proceeded under the rules to file a motion to dismiss. **This Cause is before the Court upon defendant Warren's motion to dismiss, with exhibits (DE#27, filed 11/26/08), which was construed by the Court as a Motion for Summary Judgment**. The plaintiff was sent an Order of Instructions at his place of confinement, FCI-Miami (DE#28) informing him of his right to respond, on or before December 2, 2008, to the motion, treated as a motion for summary judgment. Then, on April 8, 2009, the plaintiff, from FCI-Miami, filed a motion (DE# 29) stating that he had seen no activity in the case, and that he requested a copy of the docket from the Clerk of Court, which showed the pending motion for summary judgment. Brown stated in his motion that he had not received a copy of the defendant's motion. Plaintiff requested an Order directing the FCI-Miami Warden to serve him with a copy, and granting him an extension of time to respond. (Motion, DE#29). An Order was entered (DE#30) directing the defendant to serve plaintiff with a second copy of the motion DE#27, and instructing the plaintiff to file his response on or before May 1, 2009.  On April 10, 2009, defendant Warren filed a notice of compliance (DE#32), indicating re-service of his motion upon the plaintiff.

**The plaintiff has now filed a motion for leave to conduct discovery (DE#36, docketed 4/29/09)**, stating that without the opportunity to conduct discovery, he cannot respond to the pending motion for summary judgment.

The filing of an Answer and Affirmative Defenses is normally the event, in *pro se* cases such as this one, which triggers the issuance by the Court of a Pretrial Scheduling Order. As noted, supra, the defendant, without filing an Answer, proceeded directly to the filing of a motion to dismiss in this case; and no scheduling Order was previously entered.

It appears that the plaintiff should be entitled to conduct at least some discovery before responding to the defendant's motion for summary judgment, where, *inter alia*, the defendant has asserted entitlement to qualified immunity. See Anderson v. Creighton, 483 U.S. 635, 646, n.6 (1988); Rich v. Dollar, 841 F.2d 1558, 1556 n.8 (11 Cir. 1988).

Under those circumstances, and in light of the earlier delay occasioned by plaintiff's belated assertion that he had not received his copy of the defendant's motion for summary judgment, it appears that the pending summary judgment motion should not be allowed to languish on the docket, but instead should be dismissed without prejudice to renew.

In conjunction with this Report, a separate Order, captioned "Order on Pending Motion (DE#36), of Instructions to the Parties, and Shortened Order Scheduling Pretrial Proceedings When Plaintiff is Proceeding Pro Se," is being entered by the undersigned.  That Order grants plaintiff's motion DE#36, solely to the extent that the shortened scheduling order is being entered, setting the following deadlines for completion of pretrial procedures: discovery and all motions related thereto by July 3, 2009; all motions or renewed motions to dismiss or for summary judgment by July 17, 2009; plaintiff's unilateral Pretrial Statement by July 31, 2009; and defendant's unilateral Pretrial Statement by August 14, 2009.  The Order provides the plaintiff with instructions to respond to any renewed motion for summary judgment within 30 days of its filing, and provides instructions for such a response.

It is therefore recommended that: 1) defendant Warren's pending motion to dismiss, construed as a motion for summary judgment for summary judgment (DE#27) be dismissed, without prejudice to renew after completion of the discovery period; and 2) the defendant be instructed that upon renewal of the motion, he need not actually refile the document with supporting exhibits, but instead may file a Notice renewing the prior motion, and incorporating it therein, by reference.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: <u>May 1st,</u> 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Harold Brown, <u>Pro Se</u>
     Reg. No. 42883-004
     Federal Correctional Institution - Miami
     P. O. Box 779800
     Miami, FL 33177


     Karin D. Wherry
     Assistant United States Attorney
     UNITED STATES ATTORNEY'S OFFICE
     99 N.E. 4th Street, 3rd Floor
     Miami, 33132


     The Honorable Joan A. Lenard,
     United States District Judge